# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

| | |
|---|---|
| CHECKPOINT SYSTEMS, INC.,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>ALL-TAG SECURITY S.A., ALL-TAG SECURITY AMERICAS, INC., SENSORMATIC ELECTRONICS CORPORATION, and KOBE PROPERTIES SARL,<br><br>Defendants-Appellees. | No. 16-1397 |

### CHECKPOINT'S RESPONSE IN OPPOSITION TO DEFENDANTS-APPELLEES' MOTION FOR MISCELLANEOUS RELIEF REQUESTING THE COURT <u>DENY COSTS PURSUANT TO RULE 39</u>

This Court's June 5, 2017 opinion reversed the District Court's $10.2 million fee award in its entirety concluding "that the district court erred, and thus abused its discretion, in its assessment of 'exceptional case,' for the record shows that the charge of infringement was reasonable and the litigation was not brought in bad faith or with abusive tactics." (Dkt. No. 59-2 at 9.) The Court also awarded Checkpoint costs as the prevailing party under Rule 39. (Dkt. 59-1.) On June 19, 2017, Checkpoint timely filed its bill of costs in this Court and the District Court. (Dkt. No. 60; *Checkpoint Sys., Inc. v. All-Tag Sec., S.A.*, No. 01-cv-2223 (E.D. Pa.) ("Dist. Ct."), Dkt. No. 382.) Appellees filed objections to Checkpoint's bill of costs in the District Court and in this Court, and filed a motion for "miscellaneous relief" requesting the Court deny costs.[1] (Dkt. Nos. 61, 62; Dist. Ct., Dkt. No. 383.) Because neither Appellees'

---

[1] Appellees' objections to the bill of costs in the District Court are nearly identical to the objections made here.

objections nor motion have merit, Appellees' motion should be denied and the Court should award Checkpoint the full amount of its requested costs.

    A.    **Appellees' Motion Should Be Denied Because Their Objections Are Untimely.**

Appellees purport to bring their motion requesting the Court to deny costs pursuant to Rule 39. However, Federal Rule of Appellate Procedure 39(d)(2) requires that any objections to a bill of costs "must be filed within 14 days after service of the bill of costs, unless the court extends the time." Checkpoint filed and served its bill of costs on June 19, 2017 (Dkt. No. 60) and thus Appellees had until July 3, 2017 to file any objections. Because Appellees did not file their objections and motion for "miscellaneous relief" until July 6, 2017 (Dkt. Nos. 61, 62), their objections are untimely and the motion should be denied.

    B.    **This Court Properly Awarded Checkpoint Its Costs As The Prevailing Party.**

Appellees argue that this Court's opinion did not specifically award Checkpoint its costs, yet concede that the Court issued a Notice of Entry of Judgment explicitly stating: "Costs are taxable against the appellee in favor of the appellant under Rule 39." (Dkt. No. 59-1.) This is completely consistent with Federal Rule of Appellate Procedure 39(a)(3), which provides that "if a judgment is reversed, costs are taxed against the appellee," and Federal Circuit Rule 39(a), which provides that "[w]hen the clerk of court provides notice of judgment or order disposing of an appeal, the clerk of court must advise which party or parties are entitled to costs." The Court did not need to "discuss or make any specific determination regarding the taxation of costs" to award costs pursuant to Rule 39(a)(3). *See Tung Mung Dev. Co. v. Yieh United Steel Corp.*, 354 F.3d 1371, 1382 (Fed. Cir. 2004) ("Rule [39] also does not require us to explain our decision to deny (or to grant) costs in a particular case.").

Indeed, in the prior appeal to this Court, Appellees made the exact argument that they make now: "The opinion did not specifically award Checkpoint its costs, nor did it discuss or make any specific determination regarding the taxation of costs under Appellate Rule of Civil Procedure 39." (*Checkpoint Sys., Inc. v. All-Tag Sec. S.A.*, No. 12-1085 (Fed. Cir. 2013) ("*Checkpoint II*"), Dkt. No. 49.) Checkpoint filed a response noting that the Court did award Checkpoint its costs as stated in the Court's Notice of Entry of Judgment. (*Checkpoint II*, Dkt. No. 54.) The Court proceeded to grant costs on appeal. (*Checkpoint II*, Dkt. No. 70.)

### C. Checkpoint Is Entitled To Costs It Paid For Supersedeas Bond Premiums To Stay The District Court Judgment.

Appellees contend that Checkpoint is not entitled to supersedeas bond premiums it paid to stay execution of the District Court's $10.2 million judgment pending this appeal. This is contrary to Federal Rule of Civil Procedure 62, which provides that "if an appeal is taken, the appellant may obtain a stay by supersedeas bond," and Federal Rule of Appellate Procedure 39(e)(3), which provides that "premiums paid for a supersedeas bond or other bond to preserve rights pending appeal" are "taxable in the district court for the benefit of the party entitled to costs under this rule."[2]

Appellees' suggestion that Checkpoint requested a bond "voluntarily" and that they "did not insist on a supersedeas bond" is at odds with the facts. The District Court entered its $10.2 million judgment against Checkpoint on December 21, 2015. (Dist. Ct., Dkt. No. 372.) Less than an hour later, Sensormatic's counsel told Checkpoint that "[i]f Checkpoint wishes to end this before execution begins (in 14 days), you may send a check for the amounts of the Judgments to me and Ted [Breiner, All-Tag's counsel] respectively. However, if Checkpoint

---

[2] In accordance with Federal Rule of Appellate Procedure 39(e)(3), Checkpoint sought the costs for the supersedeas bond premiums in a bill of costs filed in the District Court. (Dist. Ct., Dkt. No. 382.)

wishes to appeal, I am sure we would stipulate to the adequacy of a 120% Appeal Bond." (*See* Declaration of Anand C. Mathew at Ex. A.) Accordingly, Checkpoint agreed to take Appellees up on their offer and obtain an appeal bond for 120% of the judgment—$12,318,443.81—to stay execution of the $10.2 million award. (*Id.*)[3]

Appellees' argument that Checkpoint is not entitled to supersedeas bond premium costs for staying the District Court's prior $6.6 million judgment is also without merit. This Court reversed and vacated that judgment and awarded Checkpoint costs as the prevailing party. (*Checkpoint II*, Dkt. Nos. 47, 70.) Accordingly, Checkpoint filed its bill of costs in this Court and the District Court seeking, *inter alia*, $118,506 it had paid as supersedeas bond premiums to stay the District Court's $6.6 million judgment until this Court reversed and vacated it. (*Checkpoint II*, Dkt. No. 48; Dist. Ct., Dkt. No. 323.) Although the Supreme Court subsequently granted Appellees' petition for writ of certiorari and remanded to this Court, and this Court subsequently remanded to the District Court, neither the Supreme Court nor this Court ever reinstated the $6.6 million judgment against which Checkpoint had to post a bond. Thus, those proceedings are not a basis to deny costs that Checkpoint incurred to stay execution of the judgment that was reversed and vacated.

### D. It Would Be Unjust To Deny Checkpoint Costs.

It would be unjust to deny Checkpoint costs it necessarily incurred for staying the District Court's $6.6 million and $10.2 million judgments until it could obtain complete reversals of those judgments in this Court. Checkpoint has spent hundreds of thousands of dollars in unrecoverable costs defending against Appellees' unsuccessful fee petitions and the District

---

[3] Sensormatic's counsel made similar threats to start collection proceedings against Checkpoint following the District Court's original $6.6 million judgment award which was reversed and vacated by this Court. (Dist. Ct., Dkt. No. 330 at Ex. A.)

4

Court's clearly erroneous rulings. Indeed, this Court's June 5, 2017 opinion reversing the District Court was this Court's ***third*** reversal of the District Court. (*Checkpoint Sys., Inc. v. All-Tag Sec. S.A.*, No. 04-1395, 412 F.3d 1331 (Fed. Cir. 2005); *Checkpoint II*, 711 F.3d 1341; Dkt. No. 59.) It would be unjust to deny Checkpoint costs that it is entitled to under the Federal Rules as the prevailing party. *See Reger v. Nemours Foundation, Inc.*, 599 F.3d 285, 289 (3d Cir. 2010) ("The fact that a prevailing party prosecutes its rights under the Federal Rules of Civil Procedure to an award of costs cannot be seen as chilling the flow of litigation…After all, the Rules presume that the prevailing party is entitled to costs.").

     Moreover, the fact that Checkpoint might be awarded costs if it prevailed should come as no surprise to Appellees. In the prior appeal, Kobe Properties SARL filed a motion with this Court seeking to substitute in the case for All-Tag Security S.A. and All-Tag Security Americas, Inc. (*Checkpoint II*, Dkt. No. 66.) That motion explicitly represented that "Kobe has assumed the obligations of All-Tag in this appeal, including any final, non-appealable award of costs to Checkpoint in the appeal." (*Id*. at 2.) Sensormatic and Checkpoint both objected to the motion, although they had no objection with Kobe being *added* as a party rather than *substituted*. (*See Checkpoint II*, Dkt. No. 68 at 3 ("If Kobe does not have sufficient assets to pay All-Tag's share of any costs awarded to Checkpoint, Sensormatic could unfairly be required to bear the full burden of any such cost award."); *Checkpoint II*, Dkt. No. 69 at 1-2 ("Checkpoint's interest in the motion for substitution is ensuring that Kobe has assumed liability for any amounts assessed against All-Tag pursuant to Checkpoint's bill of costs.").) This Court allowed Kobe to be added as a co-defendant but held that "for the reasons stated by the opposers, the All-Tag companies remain as parties." (*Checkpoint II*, Dkt. No. 70.) Thus, Appellees have always been aware that

5

they might be liable for Checkpoint's costs if Checkpoint prevailed and it would be unjust to deny those costs now.

## CONCLUSION

WHEREFORE, for the reasons set forth above, the Court should deny Appellee's motion, overrule Appellees' objections to Checkpoint's bill of costs, award Checkpoint the full amount of its requested costs, and grant such other and further relief as justice may require.

Dated: July 13, 2017

>  /s/ Robert J. Palmersheim
> Attorney for Plaintiff-Appellant
> Checkpoint Systems, Inc.
>
> Robert J. Palmersheim
> rpalmersheim@honigman.com
> Anand C. Mathew
> amathew@honigman.com
> HONIGMAN MILLER SCHWARTZ AND COHN LLP
> One South Wacker Drive, 28th Floor
> Chicago, Illinois 60606
> 312.701.9300

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit by using the appellate CM/ECF system on July 13, 2017.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: July 13, 2017

/s/ Robert J. Palmersheim